

**ORDERED in the Southern District of Florida on April 28, 2016.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                     Chapter 13

NELSON CABRERA

             Debtor.                              Case No. 15-29656-BKC-AJC

### ORDER SUSTAINING DEBTOR'S OBJECTION TO CLAIM [1-2]

THIS CAUSE came before the Court for hearing on January 28, 2016, upon DEBTOR's Objection to Claim [ECF #25] and Creditor, GILBERT & CADDY, PA, Notice of Contest to Debtor's Objection to Claim [ECF #33]. Based upon the evidence presented, and argument from counsel, the Objection is sustained.

Prior to the presentation of evidence the parties filed a Joint Stipulation [ECF #53] which included exhibits requiring no additional proof:

1.     Creditor, GILBERT & CADDY, P.A., is a Florida law firm.

2.   On June 25, 2014, CREDITOR sued both DEBTOR and JENNIFER CABRERA in Broward County's 17th Judicial Circuit Case No. CACE 14-012231 relating to a dispute regarding alleged unpaid attorneys fees and costs.

3.   On September 22, 2014, CREDITOR, DEBTOR, and JENNIFER CABRERA all signed a Joint Stipulation for Settlement, (hereinafter "Settlement") as it relates to the state court matter.

4.   The civil action was thereafter dismissed pursuant to the Settlement and "Agreed Order of Dismissal and Reserving Jurisdiction to Enforce Settlement", which was an attachment to the Settlement.  The Agreed Order of Dismissal and Reserving Jurisdiction to Enforce Settlement was executed by the Circuit Court and adopts the Joint Stipulation of Settlement as an Order of the Circuit Court.

5.   After the Settlement was entered, DEBTOR made thirteen (13) eight hundred dollar ($800.00) payments to CREDITOR for a total of ten thousand four hundred dollars ($10,400.00).

6.   After the Settlement was entered, CREDITOR sent notices to DEBTOR and JENNIFER CABRERA.

7.   The following summary of payments made by DEBTOR and JENNIFER CABRERA to CREDITOR is accurate:

| PAYMENT DUE | DEFAULT NOTICE | RECEIPT OF PAYMENT | PAYMENT MADE | PAYMENT MADE AFTER NOTICE |
|---|---|---|---|---|
| 1. October 15, 2014 | - | October 14, 2014 | $800.00 | 0 days |
| 2. November 15, 2014 | - | November 14, 2014 | $800.00 | 0 days |
| 3. December 15, 2014 | - | December 15, 2014 | $800.00 | 0 days |
| 4. January 15, 2015 | - | January 15, 2015 | $800.00 | 0 days |
| **5. February 15, 2015** | **Sun. February 15, 2015** | **Wed. February 18, 2015** | $800.00 | **3 days** |
| **6. March 15, 2015** | **Tue. March 17, 2015** | **Fri. March 20, 2015** | $800.00 | **3 days** |

| | | | | |
|---|---|---|---|---|
| 7. April 15, 2015 | - | April 15, 2015 | $800.00 | 0 days |
| 8. May 15, 2015 | - | May 15, 2015 | $800.00 | 0 days |
| **9. June 15, 2015** | **Tue. June 16, 2015** | **Fri. June 19, 2015** | **$800.00** | **3 days** |
| 10. July 15, 2015 | - | July 15, 2015 | $800.00 | 0 days |
| **11. August 15, 2015** | **Tue. August 18, 2015** | **Thur. August 20, 2015** | **$800.00** | **2 days** |
| 12. September 15, 2015 | - | Tue. September 15, 2015 | $800.00 | 0 days |
| **13. Thur. October 15, 2015** | **Fri. October 16, 2015** | **Thur. October 22, 2015** | **$800.00** | **6 days** |
| **TOTAL** | | | $10,400.00 | |

8. Other than the above, no other payments were made to CREDITOR under the Settlement.

9. On October 16, 2015, Creditor sent its notice of default by e-mail. This was the only notice of default sent to the DEBTOR and JENNIFER CABRERA relating to the October, 2015 payment. On October 22, 2015, payment was made by Debtor for $800.00, which was retained by Creditor.

**10. On October 23, 2015, Creditor filed its Motion to Enforce Settlement in the Broward Circuit Court against DEBTOR and JENNIFER CABRERA.**

11. On November 5, 2015, DEBTOR filed his Petition for Bankruptcy.

12. On November 6, 2015, CREDITOR filed its Proof of Claim [POC 1-2].

13. On December 22, 2015, DEBTOR filed his Objection to Claim [ECF #25].

14. On January 7, 2016, the CREDITOR filed its Notice of Contest to Debtor's Objection to Claim [ECF #33].

15. The Court held a hearing on January 28, 2016 on the DEBTOR's Objection to Claim [ECF #25] and the Creditor's Notice of Contest to Debtor's Objection to Claim [ECF #33]. The issue presented to the Court is (I) whether Debtor was entitled to an additional five (5) days to make the settlement payment pursuant to Florida's Civil Rule of Procedure 2.514; and

(ii) whether by retaining the October 22, 2015 eight hundred dollar ($800.00) payment Creditor waived its rights to pursue the default remedy set forth under paragraph (C) of the Settlement.

The parties rely on the following clauses within the Settlement:

A. NELSON CABRERA and JENNIFER CABRERA are jointly and severally responsible for paying a total of **$40,000.00** payable to the order of "GILBERT & CADDY PA" in clear funds. Each payment shall be timely delivered on or before the 15th of every month in the amount $800.00 each month starting October 15, 2014.

B. All payments hereunder, unequivocally must be timely delivered to GILBERT & CADDY, PA. (whose offices are physically located at 1720 Harrison Street, 19th Floor, Penthouse B, Hollywood, Florida 33020), for which ***TIME IS ABSOLUTELY AND STRICTLY OF THE ESSENCE***. Payment must be delivered as provided in paragraph A, if any payment is due on a holiday, weekend, or other date mailing deliveries are not made, it is the responsibility of the payor to deliver payment prior that date. If payment is not received by the 15th of the month, Plaintiff shall provide notice of default via e-mail to email addresses jennifer.cabrera@planetbeach.com and ncabrera2000@att.net and via facsimile to 786-288-5745 and 305-668-7701. Thereafter, defendants shall have 5 calendar days after notice to cure default without penalty. Successful e-mail or facsimile on either defendant is sufficient notice on both. Should either defendant wish to change their e-mail address or facsimile number, said change must be made in writing via e-mail and certified mail to the Plaintiff's attorney.

C. After this Joint Stipulation for Settlement is finalized PLAINTIFF'S attorney shall submit to the Court a: (1) "Notice Of Voluntary Dismissal With Prejudice and Court Reserving Jurisdiction To Enforce Settlement" and (2) "Agreed Order of Dismissal and Reserving Jurisdiction to Enforce Settlement." DEFENDANTS failure to comply with Paragraph A or the failure of the payment funds clearing shall entitle PLAINTIFF to obtain a default judgment ex-parte, without hearing against DEFENDANTS, for the full amount as provided in the Complaint, which is $72,006.05 which continues to accrue interest at 18% per annum from May 5, 2014 plus attorneys' fees pursuant to the Contract (attached to the Complaint) which will be subject to reduction as reflected by any payments or partial payments made by DEFENDANTS.

D. Except as otherwise provided herein, each party shall bear their own attorneys' fees and costs.

E. It is Defendants' joint responsibility to insure that payment is timely delivered. Defendants assume the risk of payments not being timely delivered.

G. The undersigneds further declare, acknowledge, and represent that no promise, inducement or agreement not herein expressed has been made to the undersigned and that this release contains the entire agreement between the parties hereto and that the terms of this release are contractual and not a mere recital.

H. The Agreement shall be deemed as a joint work product of all Parties and their respective counsel, and all Parties shall be considered the drafters of this Agreement. Any rule of construction to the effect that any ambiguities are to be construed against the drafting party shall not be applicable in any interpretation of this Agreement.

J. The Parties expressly state that they have carefully read this Agreement, have discussed its terms with their respective counsel, fully understand the same, and sign the Agreement as their own free act and deed.

L . This writing contains the entire Agreement and understanding concerning its subject matter and the settlement between the Parties, and supersedes and replaces all prior negotiations and agreements between the Parties, or any of them, whether written or oral, regarding the subject matter contained herein. The terms of this Agreement are contractual and not a mere recital.

I. **FLORIDA RULES OF JUDICIAL ADMINISTRATION DO NOT PROVIDE DEBTOR ADDITIONAL TIME TO MAKE SETTLEMENT PAYMENTS**

Debtor argues that the Settlement was adopted as an Order of the Court and the Settlement terms should be construed in accordance with Florida Rules of Judicial Administration 2.514 to provide Debtor five (5) *additional* days beyond the already built-in five (5) day grace period afforded Debtor in paragraph B.  In other words, Debtor argues that he is entitled to a ten (10) day grace period to cure a default after notice.  Debtor contends that when the trial court entered an order adopting the Settlement, the Settlement became a "court order" subject to Rule 2.514, which provides in relevant part,

(a) **Computing Time.** The following rules apply in computing time periods specified in any rule of procedure, local rule, court order, or statute that does not specify a method of computing time.
...
(b) **Additional Time after Service by Mail or E-mail.** When a party may or must act within a specified time after service and service is made by mail or e-mail, 5

      days are added after the period that would otherwise expire under subdivision (a).

The Creditor contends the plain, conspicuous and unambiguous contractual Settlement terms govern, and the Debtor is only entitled to the five (5) day grace period in which to cure. The Court is persuaded by the Creditor's argument. Even if the Settlement were adopted as an order of the Court, which the Court believes it is, the specified method of computing time upon default of the obligation under the Settlement, to wit, "five (5) calendar days after notice" to cure, is not subject to Rule 2.514. "When an order sets a date certain, even by reference to a specified number of days from a date noted in the order, there is no automatic five-day extension." *Smith v. Sylvester*, 82 So. 3d 1159, 1161 (Fla. 1st DCA 2012), citing *Gillespie v. City of Destin,* 946 So.2d 1195, 1198 (Fla. 1st DCA 2006) (holding that the five-day extension does not apply when a court order provides that a document is due within ten days of the date of the order); *Horvath v. Horvath*, 893 So.2d 649, 651 (Fla. 4th DCA 2005) (reaching the same conclusion where the court directed the parties to respond to an order within ten days). Therefore, since the Settlement directed DEBTOR to cure within "5 calendar days after notice" or suffer a default, DEBTOR is not entitled to yet another five (5) additional days.

Because Debtor did not cure the default within five (5) days, or by October 21, 2015, after Creditor's October 16, 2015 Notice of Default, Debtor did not timely cure the default under the Settlement. The individual Order adopting the Settlement may have been subject to the five (5) day extension found in Rule 2.514 but the Rule is not applicable to the terms of the Settlement, as adopted. Simply, the Rule does not apply to each payment made under the Settlement or each notice of default. In this case, DEBTOR was deemed served on October 16, 2015. Paragraph B of the Settlement gave Debtor a total of "five (5) calendar days after notice"

to cure. Debtor did not cure the default within five (5) days.

## II. CREDITOR WAIVED DEFAULT UNDER SETTLEMENT BY RETAINING DEBTOR"S PAYMENT

Having decided that Debtor defaulted under the Settlement by failing to pay the October payment timely, the Court must next consider whether Debtor waived the October default by keeping the $800.00 late payment. Upon consideration of the record, and notwithstanding Debtor's failure to timely cure the default under the Settlement, the Court finds Creditor waived its right to enforce the default provisions in the Settlement and collect the full amount provided for in the Complaint.

"We have defined 'waiver' as the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right." *Raymond James Fin. Services, Inc. v. Saldukas*, 896 So. 2d 707, 711 (Fla. 2005). On February 16, 2015, in response to Debtor's email inquiring "Can we make this payment tomorrow?" [ECF 53-5, pg. 1], Creditor acquiesced. Although the Creditor's acquiescence contained the caveat that acceptance of the late payment was "not to be construed as to create a course of conduct as to permit or acquiesce to the waiver of future noncompliance," the Court believes such statement did not preserve any right to enforce a default and, in fact, amounts to a voluntary relinquishment of Creditor's right to enforce the default, particularly when the email exchange between the parties is read in its entirety in context. [ECF 53-5].

Florida law recognizes that a lender can waive or modify its rights under a written instrument. *In re Dominique*, 368 B.R. 913, 921 (Bankr. S.D. Fla. 2007). Under Florida law a waiver requires (1) the existence at the time of waiver of a right, privilege, advantage or benefit which may be waived; (2) the actual or constructive knowledge thereof; and (3) an intention to relinquish such right, privilege, advantage or benefit. *In re Miller Eng'g, Inc.*, 398 B.R. 473, 486

(Bankr. S.D.Fla. 2008).  A party can waive objection to timeliness by its own behavior.  *See, Ultimate Corp. v. CG Data Corp.*, 575 So.2d 1338, 1339 (Fla. 3rd DCA 1991)(holding that a party can waive objection to timeliness of service).  An insurer cannot retain a past-due premium and at the same time claim that a forfeiture of the policy has occurred. *See, Mixson v. Allstate Ins. Co.,* 388 So. 2d 608, 609 (Fla. 3rd DCA 1980)(the unconditional acceptance of payment constituted a waiver of the insurer's right to contend the policy had lapsed). "It has consistently been held that waiver encompasses not only the intentional or voluntary relinquishment of a known right, but also conduct that warrants an inference of the relinquishment of a known right." *Miracle Ctr. Associates v. Scandinavian Health Spa, Inc.*, 889 So.2d 877, 878 (Fla. 3rd DCA 2004). The Creditor, in this instance, had the right to payment pursuant to the Settlement and Agreed Order, the Creditor had actual knowledge of the default, and by its own conduct, it relinquished the right to declare the settlement in default by stating it was okay to make the payment late and by retaining the October 22, 2015 payment without any condition.

The Creditor has asserted that retention of this payment is insufficient to waive the Creditor's rights as the Debtor is receiving credit for the amount paid pursuant to the Settlement. The Court disagrees.  The Creditor's email indicated it would accept a late payment, so long as future payments were not late, and retained the payment of the Debtor pursuant to the terms of the Settlement; then, in what seemed an "about-face", filed a suit to accelerate the amount due. The Court finds the act of agreeing to accept a late payment, and retaining the payment prior to accelerating the debt was a waiver by the Creditor of its rights to move forward with acceleration.

The Creditor has cited *Sublime, Inc. v. Boardman's Inc.*, 849 So.2d 470 (Fla. 4th DCA 2003) and *Treasure Coast, Inc. v. Ludlum Construction Co., Inc.*, 760 So.2d 232 (Fla. 4th DCA

2000) in support of its position. In both cases, payment was tendered late, then was rejected or returned. *See, Sublime* at 471; *Treasure Coast, Inc.* at 234. Thus, even in the cases cited by Creditor, the late payments were not solicited by the creditors and were in fact rejected or returned so the creditors could proceed with default remedies. Creditor in this case emailed that payment could be made "tomorrow" and, although the email contained the note "This email shall not be construed as to create a course of conduct so as to permit or acquiesce to the waiver of future noncompliance," there was no indication that the Creditor would then sue upon this default.

The Court finds that the default payment was received one day late, but the Creditor agreed to accept the late payment without reservation, and in fact retained the payment, thereby waiving Creditor's right to pursue default remedies under the circumstances of this default. It is therefore

ORDERED AND ADJUDGED that DEBTOR's Objection to Claim [ECF #25] is SUSTAINED and Claim #1, as amended, is reduced to reflect the amount owing under the Settlement as $29,600.00.

###

Copies furnished to:

Richard Robles, Esq.
Randall Gilbert, Esq.
Debtor
Chapter 13 Trustee

Attorney Robles shall immediately serve a conformed copy of this order upon all interested parties and file a certificate of service with the Court.