UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                          Case No.: 15-29656-AJC

NELSON CABRERA,                                   Chapter 13

        Debtor.
_____/

### MOTION TO DETERMINE APPLICABILITY OF 11 U.S.C. § 1322(b)(5) TO THE CLAIM OF GILBERT AND CADDY, P.A.

**COMES NOW**, the Debtor, NELSON CABRERA (hereinafter "Debtor"), and files this Motion to Determine Applicability of 11 U.S.C. § 1322(b)(5) to the claim of GILBERT AND CADDY, P.A. (hereinafter "Creditor"), and states as follows:

1. On or about November 5, 2015, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Creditor filed a Proof of Claim [POC #1] on or about November 6, 2015. The Debtor filed an object to the Creditor's Proof of Claim. The Court granted the Debtor's Objection. *See* Order Granting In Part Motion for Reconsideration to Alter and Correct Order Sustaining Objection to Claim [1-2] [ECF #92]. The Court determined that the Creditor's Claim is $29,600.00. The Creditor has appealed the Order. The Debtor maintains the Court is correct in its ruling issued in the Order.

2. The Debtor amended his Chapter 13 Plan [ECF #55] on February 8, 2016, as Debtor has a right to do, to provide for full payment of the Creditor's claim amount of $29,600.00 eliminating any default arguments. Pursuant to § 1322(b)(5), a Debtor has the right to cure any alleged default when the repayment period under the settlement is longer than the repayment period under the proposed plan. As a result, pursuant to 11 U.S.C. § 1322(b)(5), any

1

alleged default, even though the Court has ruled there is no default, has been cured. The settlement provided for payment of the settlement amount within fifty (50) months. There were thirty-seven (37) payments remaining at the time of the filing of the bankruptcy petition. Pursuant to 11 U.S.C. § 1322(b)(5), a debtor may cure a default on a contractual unsecured debt which has a longer repayment period than the repayment period proposed in the plan. *In re Ford*, 221 B.R. 749, 752 (Bankr.W.D.Tenn.1998). A debtor can use section 1322(b)(5) to provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due. *In re Elibo*, 447 B.R. 359, 362 (Bankr. S.D. Fla. 2011).

3. Hence, the Debtor has filed his Fourth Amended Plan which pays the Creditor's claim within thirty-six (36) months triggering the cure provision of § 1322(b)(5). While the Debtor maintains that the Court's ruling on the Objection to Claim [ECF #25] is the appropriate analysis of the facts and law in this matter, the Debtor also maintains that to the extent that an alleged default is still argued said default has been cured pursuant to § 1322(b)(5).

**WHEREFORE**, Debtor, NELSON CABRERA, requests this Court enter an Order determining that 11 U.S.C. § 1322(b)(5) is applicable to Creditor, GILBERT AND CADDY, P.A.'s, to any alleged default Creditor claims, and for any other relief this Court deems proper and just under the circumstances.

DATED: November 30, 2016.

2

Respectfully submitted,

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

LAW OFFICES OF RICHARD R. ROBLES, P.A.
905 Brickell Bay Drive
Four Ambassadors
Tower II, Mezzanine, Suite 228
Miami, Florida 33131
Telephone:     (305) 755-9200
Primary E-mail:      rrobles@roblespa.com
Secondary E-mail:   nrossoletti@roblespa.com
                    dgonzalez@roblespa.com


/s/ Richard R. Robles, Esquire
RICHARD R. ROBLES, ESQUIRE
Florida Bar# 0088481

3