

**ORDERED in the Southern District of Florida on January 19, 2018.**

A. Jay Cristol, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:  
NELSON CABRERA  

Debtor.

Chapter 13

Case No. 15-29656-BKC-AJC

### ORDER DISMISSING CASE UNDER 11 U.S.C. § 109

THIS CAUSE came before the Court for hearing on October 24, 2017 upon Confirmation of a Chapter 13 plan. Creditor Gilbert & Caddy P.A. ("GCPA") filed an amended objection and second amended objection to the proposed Chapter 13 plan. Having heard the proffers and representations of the interested parties, and having considered the parties' post-hearing submissions, the Court denies confirmation of the plan and dismisses this case for want of jurisdiction.

Previously, this Court determined the Debtor defaulted on a Settlement Agreement with Creditor GCPA, and GCPA did not expressly or impliedly waive their right to acceleration of the

debt contained in the Settlement Agreement. As a result, the Court entered an order overruling the Debtor's objection to GCPA's claim and GCPA's claim stands as filed.

The Debtor thereafter sought to modify the claim of GCPA in a Chapter 13 plan, pursuant to 11 U.S.C. §1322(b). GCPA opposed modification on several grounds and also sought dismissal of the case pursuant to 11 U.S.C. §109(e), asserting Debtor's unsecured debts exceed the debt limitations for a debtor filing for Chapter 13 relief. Thus, before determining the applicability of 11 U.S.C. §1322(b) to the claim of GCPA in this case, the Court must first decide whether the Debtor has too much unsecured debt to be in a Chapter 13 case. Section 109(e) of the Bankruptcy Code establishes the necessary pertinent requirement:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 … may be a debtor under chapter 13 of this title.

The following facts are taken by the parties' admissions at the hearing and from a review of the record:

1. Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on November 5, 2015.

2. Debtor scheduled $60,405.81 as unsecured debt, including the claim of GCPA and unsecured priority claims, and $351,226.90 as secured debt, including the debt owing to Seterus Inc. on real property located in Key West, Florida.

3. The Debtor scheduled the Key West property with a value of zero, and the entire portion of the claim was listed as "Unsecured" in Schedule D:

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
| --- | --- | --- | --- |

| NUMBER | OF PROPERTY SUBJECT TO LIEN | | |
|---|---|---|---|
| Seterus, Inc. c/o Jay H. Memmot, as President 14523 SW Millikan Way OR 97705 | 44E 12 Avenue Key West, Florida 33040 | $340,000.00 | $340,000.00 |
| | Value          $0.00 | | |

[ECF No. 9].

4. The Debtor does not assert he is the owner of the Key West property. The parties confirmed to the Court at the confirmation hearing that the Debtor no longer owns the Key West property that serves as collateral for the Mortgage, but rather he deeded same to his mother and sister several years prior to the filing of this case. Debtor is admittedly obligated on the Note and Mortgage on the Key West property but he has no ownership interest in the real property.

5. Only two (2) proofs of claim have been filed; GCPA filed a proof of claim asserting an unsecured claim in the amount of $83,584.23 and Seterus, Inc. filed a proof of claim asserting a secured claim in the amount of $347,644.25 based upon the Note in the amount of $344,000.00 signed by the Debtor and a Mortgage on the Key West property securing the obligation.

For the purpose of determining Chapter 13 eligibility under 11 U.S.C. §109(e), the Court must decide whether 11 U.S.C. §506(a) requires it to treat a debt, secured by property in which the Debtor has no interest, as a secured debt? The Court believes the answer is no.

The majority of courts who value secured claims for purposes of Chapter 13 eligibility under 11 U.S.C. § 109(e) apply 11 U.S.C. § 506(a) in calculating the amount of secured and unsecured debt held by a Chapter 13 debtor:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a

> secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

Following the language of section 506(a), a creditor's claim secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of the such creditor's interest in the estate's interest in the property. The secured portion of indebtedness that is secured by property is limited to the value of Debtor's interest in the property. Here, the debt of Seterus Inc. is secured by collateral (the Key West property) and the Debtor is liable for the full amount of the indebtedness; however, the Debtor has no interest in the subject real property which serves as collateral for the debt, having transferred same to third parties. Accordingly, under this formula, the full amount of the debt is an unsecured obligation for Chapter 13 eligibility purposes under section 109(e).

A. **<u>Seterus Debt is Unsecured</u>**

Seterus' claim is not "secured" in this bankruptcy case because the Mortgage is on real property, which is not property of the estate. *See* 11 U.S.C. §§ 109(e), 506(a). Several cases have addressed this issue directly. In *In re* Rios, 476 B.R. 685, 690-91 (Bankr. E.D.Mass. 2012), the court reasoned:

> In determining the amount of unsecured debt for the purposes of the §109(e) eligibility analysis, I will count the undersecured portion of McDonough's claim as unsecured debt. In doing so, I follow the Fourth, Seventh, Eight, and Ninth Circuits and a majority of bankruptcy courts in utilizing 11 U.S.C. § 506(a) to bifurcate claims listed as secured on the petition date into secured and unsecured portions for determining § 109(e) eligibility. *See Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 983 (9th Cir.2001); *Brown and Co. Sec. Corp. v. Balbus (In re Balbus)*, 933 F.2d 246, 247 (4th Cir.1991); *Miller v. U.S. Through Farmers Home Admin.*,

> 907 F.2d 80, 82 (8th Cir.1990); *Matter of Day*, 747 F.2d 405, 406 (7th Cir.1984). A[t] least one bankruptcy court in the First Circuit also took this approach in *In re Smith*. See 325 B.R. at 502; *see also In re Marrama*, 345 B.R. 458, 472 n. 23 (Bankr. D.Mass. 2006) (citing *Scovis* for the proposition that the unsecured portion of undersecured debt is counted when making the 109(e) eligibility determination).
>
> \*\*\*
>
> Section 506(a) of the Bankruptcy Code provides that a claim is secured only to the extent of the value of a creditor's interest in the estate's interest in such property. *See In re Smith*, 435 B.R. 637, 647 (9th Cir. BAP 2010). A claim is not necessarily secured for the purpose of the Bankruptcy Code generally, or § 109(e) specifically, merely because the claimant holds a perfected security interest on the petition date. *See id*. at 648. Rather, the debt is secured only to the extent the claimant can enforce its security interest in property of the estate. *See id*. In this case, the Debtor agrees that McDonough is an undersecured creditor. To the extent its claim exceeds the value of the Property, McDonough will be unable to enforce its security interest, and the undersecured portion will inevitably be treated as an unsecured non-priority claim. Indeed, this is the precise treatment contemplated by the Debtor's plan.
>
> Congress sets § 109(e) debt amounts with the goal of limiting how much unsecured debt a debtor may discharge using the reorganization scheme provided under Chapter 13. Therefore, a practical estimation of the Debtor's unsecured debt on the petition date must include the undersecured portion of McDonough's secured claim, which is rendered unsecured by § 506(a).

*Accord In re Lower*, 311 B.R. 888, 895 (Bankr. D. Colorado 2004) ("Estate's interest in vehicle owned by non-debtor corporation, in which debtor held stock interest, was valued at zero, for purpose of determining debtor's eligibility for Chapter 13, since debtor did not own interest in vehicle itself by virtue of that stock ownership."). Because the Debtor, and hence the estate, has no interest in the Key West property, Seterus Inc.'s claim in this case is an unsecured claim.

The Debtor contends Seterus Inc.'s claim is a secured debt because a "secured debt" means the face amount of any debt which is secured, to any extent, by collateral. The Debtor cites *In re Belknap*, 174 B.R. 182 (Bankr. W.D.N.Y. 1994) to support his position. Indeed, the

*Belknap* court held that "secured claim," as that term is used in section 506(a), and "secured debt," as that term is used in section 109(e), are different terms and "secured debt" is not defined in the Code. *Belknap*, 174 B.R. at 183. The *Belknap* court determined "secured debt" under section 109(e) was any debt which is secured by property. However, the Court cannot follow the rationale of *Belknap* because the *Belknap* court's reasoning is contrary to *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990) wherein the Supreme Court stated that Congress intended "that the meanings of 'debt' and 'claim' be coextensive." *Id*. at 557-58, 110 S.Ct. at 2130.

Additionally, notwithstanding the fact the Debtor listed Seterus' debt as "contingent, unliquidated, and disputed," the Debtor has not objected to Seterus Inc.'s proof of claim, and Debtor's treatment of Seterus Inc. outside of the Fifth Amended Plan indicates Debtor's belief in the enforceability of Seterus Inc.'s claim. *See* Fifth Amended Plan [ECF No. 196]. Seterus Inc.'s debt is a contractual obligation between the holder of the Note and Mortgage and this Debtor, the amount of which is readily ascertainable. *In re Pantazelos*, 540 B.R. 347, 352 (Bankr. C.D.Ill 2015). Moreover, Seterus' claim is not contingent, as the Debtor is the named obligor on the Promissory Note. *See* Proof of Claim 2-1. Therefore, the Court concludes the Seterus claim is an unsecured, liquidated and non-contingent debt, in an amount no less than the admitted $340,000.

### B.     The GCPA Debt Puts Debtor Over Eligibility Limits of 109(e)

The debt owed by the Debtor to GCPA became due and payable in full as of the date of the default, which was prior to the Petition Date, and was reflected in Creditor's Proof of Claim filed one day after the Petition Date. The Proof of Claim for GCPA is for $83,584.23. The Court having overruled Debtor's objection to GCPA's claim on October 19, 2017, GCPA's claim stands as an unsecured, liquidated and non-contingent claim in the amount of $83,548.23.

For purposes of eligibility, all debts are calculated as of the petition date. 11 U.S.C. §109(e). Therefore, even though the Debtor is attempting to reduce his obligation to GCPA by using §1322(b) of the Bankruptcy Code, the amount of debt considered for eligibility purposes is calculated as of the Petition Date. Subsequent events are not considered when determining eligibility. *See Pantazelos*, 540 B.R. at 350-51. *Accord In re Ash*, 539 B.R. 807, 809-10 (Bankr. E.D.Tenn. 2015). The claims of Seterus and GCPA, together, exceed the debt limitations for eligibility under 11 U.S.C. §109(e). Accordingly, the Debtor is not eligible to proceed in a Chapter 13 case. It is

ORDERED AND ADJUDGED that the request for dismissal based upon eligibility requirements set forth in 11 U.S.C. §109(e) is GRANTED and the Clerk of Court is directed to dismiss this case for want of jurisdiction **in fourteen (14) days from the entry of this Order, unless the Debtor files a motion or notice of conversion herein seeking relief under any other chapter of the Bankruptcy Code which may be applicable**.

###

Copies furnished to:
Richard Robles, Esq.
Alan Crane, Esq.
Debtor
Chapter 13 Trustee

Attorney Crane shall immediately serve a conformed copy of this order upon all interested parties and file a certificate of service with the Court.