UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA – MIAMI DIVISION

CASE NO. 15-29656-AJC
CHAPTER 11

IN RE:
Nelson Cabrera
       Debtor(s)
_____/

FEDERAL NATIONAL MORTGAGE ASSOCIATION.'S RESPONSE TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 2 (DE-23)
(44e 12TH Avenue, Key West, FL )

COMES NOW, Seterus, Inc., as authorized subservicer for Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America, (hereinafter "Secured Creditor"), by and through its undersigned attorney, as and for its Response to the Debtor's Objection to Claim No. 2 (Docket No. 68) and in support thereof states as follows:

1.    The Debtor filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on November 5, 2015 that was converted to Chapter 11 of the Bankruptcy Code on February 28, 2018.

2.    Secured Creditor holds a security interest in the Debtor's principal residence located at **44E 12th Avenue, Key West, FL** (the "Property"), by virtue of a Mortgage dated June May 12, 2008, which was recorded in the Public Records of Monroe County, Florida, on May 21, 2006, in Official Records Book 2382, Page 11248. Said Mortgage secures a first mortgage lien in the amount of $344,000.00.

3.    The aforementioned Mortgage gives Secured Creditor a first mortgage position on the Property.

4. On March 17, 2016, Secured Creditor filed its Proof of Claim No. 2-1, which listed pre-petition arrearages in the amount of $16,129.21 and a total secured claim in amount of $347,644.25 (the "Claim

5. On April 7, 2016, the Debtor filed an Objection to Claim No. 2 of Secured Creditor (Docket No. 68) ("Objection"), asserting that the Debtors claim will be paid outside of the Debtor's plan and as such recommends that claimant receive no distribution from the Trustee which was stated on Debtor's the 5th Amended Chapter 13 Plan (Doc No. 196).

6. On June 6, 2018 the Debtor filed his Chapter 11 Plan-Class 2 (Doc No. 257) in which he is attempting to now modify the terms of Secured Creditor's lien. This new intention is totally contrary to the reasons previously asserted by the Debtor and is objectable.

7. Secured Creditor objects to Debtor's Chapter 11 Plan as this is the Debtor's principal residence and as result the Debtor cannot modified the terms of the loan. Secured Creditor objects to changing the interest rate, the loan maturity date or any other material terms under the loan documents and seeks to pay, pursuant to the claim, and requests its claim remains so as to facilitate resolution of Chapter 11 Plan treatment.

**WHEREFORE**, Secured Creditor respectfully requests that Debtors' Objection to Claim No. 68 be overruled and that claim be allowed, and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

**Kahane & Associates, P.A.**
8201 Peters Road, Suite 3000
Plantation, Florida 33324
Telephone: (954) 382-3486
Telefacsimile: (954) 382-5380

By:_____
☐ Gregg S. Ahrens, Esq., Fla. Bar No.: 352837

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically by CM/ECF or by U.S. Mail, first-class postage pre-paid to all parties on the attached Mailing List this /0 day of June, 2018

Nelson Cabrera
44 E 12th Avenue
Key West, FL 33040

Richard R Robles, Esq
905 Brickell Bay Dr #228
Miami, FL 33131

Nicholas G Rossoletti
905 Brickell Bay Dr # 228
Miami, FL 33131

U.S. Trustee
Office of the US Trustee
51 SW 1 Avenue, Suite 1204
Miami, Florida  33130

**Kahane & Associates, P.A.**
8201 Peters Road, Suite 3000
Plantation, Florida 33324
Telephone: (954) 382-3486
Telefacsimile: (954) 382-5380

By:_____
☐ Gregg S. Ahrens, Esq., Fla. Bar No.: 352837