**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

NELSON CABRERA,                               Case No. 15-29656-AJC
                                              Chapter 11
         Debtor.
_____/

**AMENDED CHAPTER 11 PLAN OF REORGANIZATION OF**
**<u>NELSON CABRERA</u>**

                              **Submitted on December 12, 2018 by:**


                              /s/ Richard R. Robles, Esquire
                              RICHARD R. ROBLES, ESQUIRE
                              rrobles@roblespa.com
                              Florida Bar No. 088481
                              RICHARD R. ROBLES, P.A.
                              Attorneys for the Debtor
                              905 Brickell Bay Drive, Suite 228
                              Four Ambassadors, Tower II
                              Mezzanine, Suite 228
                              Telephone: (305) 755-9200
                              Facsimile: (305) 755-9270

# ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Nelson Cabrera ("Cabrera" or the "Debtor") from income derived from Debtor's income and assistance from Debtor's family.

This Plan provides for zero (o) classes of secured claims, one (1) class of a separately classified unsecured claim, one (1) class of priority unsecured claims, one (1) class of general unsecured creditors and one (1) class of equity security holders.

Unsecured creditors holding allowed claims will receive distributions, which the proponents of this Plan has valued at approximately 2.5 cents on the dollar. This Plan also provides for the payment of administrative claims in full on the Effective Date of this Plan, or upon such other terms as agreed to between the Debtor and the administrative claimant.

All creditors should refer to Articles II through V of this Plan for information regarding the precise treatment of their claim. A Disclosure Statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss her with your attorney, if you has one. (If you do not has an attorney, you may wish to consult one.)**

# ARTICLE II
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES AND PRIORITY TAX CLAIMS

2.1     Unclassified Claims. Under 11 U.S.C. § 1123(a)(1), administrative expense claims and priority tax claims (other than 11 U.S.C. § 507(a)(8) claims) are not in classes.

2.2     Administrative Expense Claims. Each holder of an administrative expense claim allowed under 11 U.S.C. § 503 will be paid in full on the Effective Date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. Specifically, the Debtor and Debtor's counsel are in the process of agreeing to a reduced fee structure and terms for payment of said fee structure. The Debtor requests that the Court set an administrative claims bar date of fifteen (15) days after the date of confirmation of this Plan.

2.3     Priority Tax Claims. Each holder of a priority tax claim will be paid either in full on the Effective Date of this Plan, or over a term of sixty (60) months, as further set forth below.

2.4     United States Trustee Fees.   All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Specifically, the Debtor

will pay the U.S. Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6), through the date of confirmation of this Plan, within fourteen (14) business days of the entry of an order confirming this Plan. Furthermore, the Debtor (as reorganized) will file with the Court post-confirmation Quarterly Operating Reports and pay the U.S. Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), based upon all post-confirmation disbursements, until the earlier of the closing of this case by the issuance of a Final Decree by the Bankruptcy Court, or upon the entry of an Order by the Bankruptcy Court dismissing this case or converting this case to another Chapter under the U.S. Bankruptcy Code.

## ARTICLE III
## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

3.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - The unsecured claim of Seterus, Inc. | Yes. | Principal- $347,644.25<br><br>Monthly Payments- $1,866.23<br><br>Interest Rate- 5.00%<br><br>Treatment: The Creditor holds a mortgage on the property located at 44 E 12th Avenue, Key West, Florida 33040. The Court had previously ruled that despite the Creditor holding a valid mortgage on said real property that the debt was not secured as to the Debtor's bankruptcy estate.  As such, the Debtor is proposing a special treatment for this unsecured creditor based on it holding a lien on this real property.<br><br>The Debtor proposes to repay the debt over a term of thirty (30) years at a 5.00% interest rate with monthly payments of principal and interest of $1,866.23.  The Debtor and the Debtor's family will pay the taxes and insurance separately from the plan payments.  The Debtor will be permitted to pre-pay this amount at any time. |

| | | |
|---|---|---|
| Class 2- The Priority Unsecured Claim of the Internal Revenue Service | Yes. | The Internal Revenue Service will be paid its full claim of $72,807.34 at the statutory interest rate applicable to said claims over the course of five (5) years.<br><br>Term: Sixty (60) months<br>Monthly Payment: $1,848.83<br>Interest Rate: 18% |
| Class 3 – General Unsecured Creditors. | Yes. | Treatment: General unsecured creditors will receive the 2.5% of the claims, which is the Debtor's liquidation value. This amount will be paid out over forty-eight (48) months in equal monthly payments. |
| Class 4 – Nelson Cabrera | No. | Treatment: The Debtor shall retain his ownership interest in his property. |

## ARTICLE IV
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

4.1     Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

4.2     Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

4.3     Settlement of Disputed Claims.  The Debtor will has the power and authority to settle and compromise a disputed claim with court approval and in compliance

with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE V
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

5.1     <u>Assumption of Executory Contracts and Unexpired Leases</u>. The Debtor assume the following executory contracts and/or unexpired leases effective upon the Effective Date of this Plan: None.

5.2     <u>Rejection of Executory Contracts and Unexpired Leases</u>. The Debtor will be conclusively deemed to has rejected all executory contracts and/or unexpired leases not expressly assumed above, or before the date of the order confirming this Plan, upon the Effective Date of this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VI
## MEANS FOR IMPLEMENTATION OF THE PLAN

The means necessary for the execution of this Plan include the Debtor's income derived from his employment, the repayment of several loans made by the Debtor and his family's assistance. The Debtor's household net income is described in detail in the Debtor's Disclosure Statement, which is being circulated with this Plan.

The Debtor shall, and believes he can, generate sufficient income to the amount necessary to enable her to make all payments due under the Plan. Attached to the Disclosure Statement is a cash flow projection, demonstrating that the Plan Payments are feasible.

To the extent that the Debtor wishes to prepay any amounts due under the Plan from exempt assets or other third party sources, the Debtor reserves the right to do so without penalty and to seek the entry of a final decree closing this case. The Debtor, as reorganized, will retain and will be re-vested in all property of the Estate, excepting property which is to be sold or otherwise disposed of as provided herein, executory contracts which are rejected pursuant to this Plan and property transferred to Creditors of the Debtor pursuant to the expressed terms hereof. The retained property shall be used by the Debtor in the ordinary course of her personal affairs. (Further details concerning the nature and scope of the Debtor's personal affairs may be found in the Disclosure Statement which accompanies this Plan).

## ARTICLE VII
## GENERAL PROVISIONS

7.1     <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in 11 U.S.C. §§ 101 and 102 shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following

definitions:

(a) *Allowed Secured Claim* - shall mean an Allowed Claim for which a Claimant asserts, or upon objection is determined by a Final Order to hold, a valid, perfected and enforceable lien, security interest or other interest or encumbrance in property in which the Debtor has an interest not subject to avoidance or subordination under the Bankruptcy Code or applicable non-bankruptcy law, or an Allowed Claim for which a Claimant asserts a setoff under 11 U.S.C. § 553, but in any event only to the extent of the value, determined in accordance with 11 U.S.C. § 506(a), of the Claimant's interest in the Debtor's interest in the property or to the extent of the amount subject to such setoff as the case may be.

(b) *Allowed Undersecured Claim* - shall mean the amount of a prepetition secured Claim that exceeds the value of the collateral securing that Claim and is therefore unsecured.

(c) *Allowed Unsecured Claim* - shall mean an Allowed Claim which arose or which is deemed to have arisen prior to the filing of the Petition commencing these Proceedings and as to which the Claimant has not asserted, or as to whom it is determined by Final Order does not hold, a valid, perfected and enforceable lien, security interest or other interest in or encumbrance against property of the Debtor or a right of setoff to secure the payment of such Claim, but excluding unsecured Claims previously paid in the Proceedings pursuant to agreements approved by the Bankruptcy Court, if any.

Amount of Allowed General Unsecured Claims. The Debtor's scheduled undersecured and general unsecured claims are set forth in his Schedules D and F. The aggregate amount of claims included in Class 3 (General Unsecured Claims) is unknown as of the time of the filing of this Plan, however, the Debtor intends to pay 2.5% of the Class 3 general unsecured creditors in this plan. Allowed general unsecured claimants will receive a distribution of 2.5%. This distribution is the same or higher than what allowed general unsecured claimants would receive in a hypothetical Chapter 7, in which case the Debtor estimate that such claimants would receive a distribution of 2.5%.

Liquidation analysis. This estimated distribution in a hypothetical Chapter 7 was determined by analyzing the liquidation value of the Debtor's non-exempt property. Debtor was unsure of the final distribution to general unsecured creditors, however the plan as set forth is a 2.5% plan to pay all of Debtor's general unsecured creditors. As such, the general unsecured creditors are receiving as much or more than they would receive if this case were a Chapter 7 liquidation. A more detailed liquidation analysis is set forth in the Disclosure Statement that accompanies this Plan. Accordingly, creditors are receiving more by virtue of this Plan, then they would if the Debtor' case were a Chapter 7 proceeding.

(d) *Causes of Action* - shall be used in its broadest sense and shall include all causes of action of the Debtor and all causes of action which a Trustee would have if the proceedings were converted on the confirmation date to a proceeding under

Chapter 7 of the Code and a Trustee were appointed. Causes of action shall include all rights or causes of action, whether legal or equitable, whether they arise under the Code or under other federal or state laws or under judicial decisions, whether or not they are the subject of presently pending litigation and whether they arise before or after the confirmation date, as well as rights belonging to the Debtor pursuant to 11 U.S.C. §§ 506, 510, 544, 545, 547, 548, 549 or 550.

(e)    *Claim* - shall mean any right to payment against the Debtor or right to an equitable remedy against the Debtor for breach of performance if such breach gives rise to a right to payment, whether or not such right to payment or right to an equitable remedy is reduced to judgment, or whether liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured.

7.2    <u>Effective Date of Plan.</u> The Effective Date of this Plan is the fifteenth (15th) business day following the date of the entry of the order of confirmation. However, if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.3    <u>Severability</u>.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.4    <u>Binding Effect</u>.    The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.5    <u>Captions</u>.    The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.6    <u>Controlling Effect</u>.    Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

7.7    <u>Notice to Class  General Unsecured Creditors</u>. Pursuant to 11 U.S.C. § 1129(a)(15), if you object to confirmation to the Plan, the value of the property to be distributed under the Plan shall not be less than the projected disposable income of the Debtor (beginning on the date that the first payment is due under the Plan (or during the period for which the Plan provides payments, whichever is longer). Pursuant to the Plan, the value of the property to be distributed to Class 3 General Unsecured Creditors under the Plan ($13,029.36) is equal to 2.5% of the general unsecured claims filed in this matter.  As such, the General Unsecured Creditors will receive as much if not more than they would receive in a liquidation.

**ARTICLE VIII**
**<u>DISCHARGE</u>**

Law Offices of Richard R. Robles, P.A.
905 Brickell Bay Drive, Suite 228, Miami, Florida 33131 · Tel. (305) 755-9200 · Fax (305) 755-9270

Confirmation of this Plan does not discharge any debt provided for in this Plan until the Court grants a discharge on completion of all payments under this Plan, or as otherwise provided in 11 U.S.C. § 1141(d)(5). The Debtor will not be discharged from any debt excepted from discharge under 11 U.S.C. § 523, except as provided in Fed. R. Bankr. P. Rule 4007(c).

## ARTICLE IX
## EFFECT OF CONFIRMATION

9.1     Vesting of Assets. Except as otherwise set forth herein or in the Confirmation Order, as of the Effective Date, the property of the Estate shall vest in the Debtor free and clear of all claims, liens, encumbrances, charges and other interests, except those specifically set forth and identified in this Plan.

9.2     Binding Effect. Except as otherwise provided in 11 U.S.C. § 1141(d)(3), on and after the Confirmation Date, the provisions of the Plan shall bind any holder of a claim against the Debtor and her respective successors and assigns, whether or not the claim of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.

9.3     Injunction Against Interference with Plan. Upon the entry of the Confirmation Order, all holders of claims and other parties in interest, along with her respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

9.4     Other Effect(s) of Confirmation.  If not otherwise identified herein, then the effect of confirmation of the Plan is as set forth in the Bankruptcy Code and applicable law.

## ARTICLE X
## OTHER PROVISIONS

10.1     Reservation of Rights Under Section 1129(b). The Debtor expressly reserves the right, pursuant to Section 1129(b) of the Bankruptcy Code, to request the Court to confirm this Plan if all of the applicable requirements of Section 1129(a) of the Bankruptcy Code has been met, other than those of Section 1129(a)(8).

10.2     Reservation of Right to Modify Plan Post-Confirmation. The Debtor expressly reserves the right to request a modification of this Plan at any time after confirmation of the Plan but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of the claim made other than under the Plan. Any such request to modify this Plan shall be noticed to all creditors and interested parties, and no modification shall be granted absent proper notice and hearing.

10.3     Reservation of Rights Under Sections 1141(d)(5) and 350(a). The Debtor reserves the right, after confirmation, to seek the closing of this bankruptcy proceeding prior to the entry of an Order of Discharge, upon the payment of the initial payment under this Plan, payment of all outstanding quarterly United States Trustees Fees, and the filing of any outstanding federal income tax returns. Such a request may be granted only upon notice and hearing, with notice to all creditors and interested parties. If such request is granted, then upon the satisfaction of all payments required to be paid inside the Plan to Class 1, 2, 3B, 4C, 6B, 10 and 11 creditors, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. § 350(b), and the Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5). This paragraph only preserves the Debtor's right to seek the relief described above and does not conclusively grant such relief. Creditors' and interested parties' rights to object to such relief shall similarly be preserved until such time as it is requested by the Debtor after confirmation.

10.4     Disbursing Agent. All distributions hereunder shall be made by the Debtor, or such other individual or entity designated by the Debtor at the Confirmation Hearing, as Disbursing Agent, on or after the Effective Date or as otherwise provided herein. A Disbursing Agent shall not be required to give any bond, surety or other security for the performance of his/her/its duties unless otherwise ordered by the Bankruptcy Court, and, in the event that a Disbursing Agent is so ordered, all costs and expenses of procuring any such bond or surety shall be borne by the Debtor.

10.5     Post-Petition Interest on Claims.     Except as required by applicable bankruptcy law, post-petition interest will not accrue on or after the Effective Date on account of any Claim.

10.6     Delivery of Distributions and Undeliverable Distributions. Subject to Bankruptcy Rule 9010, all distributions to any holder of an Allowed Claim shall be made at the address of such holder as set forth on the Schedules filed with the Bankruptcy Court, or on the books and records of the Debtor or her agents, or in a letter of transmittal, unless the Debtor has been notified in writing of a change of address, including, without limitation, by the filing of a Proof of Claim by such holder that contains an address for such holder different from the address reflected on such Schedules for such holder. In the event that any distribution to any holder is returned as undeliverable, no further distributions to such holder shall be made unless and until the Debtor is notified of such holder's then-current address, at which time all missed distributions shall be made to such holder, without interest. All demands for undeliverable distributions shall be made on or before ninety (90) days after the date such undeliverable distribution was initially made. Thereafter, the amount represented by such undeliverable distribution shall be donated by the Debtor to the Bankruptcy Bar Foundation of the Southern District of Florida, Inc., a legal non-profit organization that funds the pro bono activities of the Bankruptcy Bar Association for the Southern District of Florida. At such time, any Claim in respect of such undeliverable distribution shall be discharged and forever barred from assertion against the Debtor and her property.

10.7     Time Bar to Cash Payments. Checks issued by the Debtor in respect of

Allowed Claims shall be null and void if not negotiated within one hundred and eighty (180) days after the date of issuance thereof. Requests for re-issuance of any check shall be made to the Debtor by the holder of the Allowed Claim to whom such check originally was issued. Any Claim in respect to such voided check shall be made on or before thirty (30) days after the expiration of one hundred and eighty (180) day period following the date of inssuance of such check. Thereafter, the amount represented by such voided check shall be donated by the Debtor to the Bankruptcy Bar Foundation of the Southern District of Florida, Inc., a legal non-profit organization that funds pro bono activities of the Bankruptcy Bar Association for the Southern District of Florida. At such time, any Claim with respect to such voided check shall be discharged and forever barred.

**[Remainder of Page Intentionally Left Blank]**

The Plan of Reorganization is dated December 12, 2018, and is hereby approved by the undersigned.

/s/ Nelson Cabrera
Nelson Cabrera

/s/ Richard R. Robles, Esquire
Richard R. Robles, as attorney for the Plan Proponent